FILED
 2009 Sep-23  AM 09:38
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TOSHA MARIE LEVESQUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-G-2121-E |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Tosha Marie Levesque, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. The plaintiff filed an application for Supplemental Security Income on November 17, 2005.  Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards

were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

ALJ Charles L. Brower made the following finding regarding the plaintiff's residual functional capacity ("RFC"):

> My finding regarding Claimant's RFC is based upon the opinion of Dr. Davis who, in March 2006, performed a consultative psychological evaluation of Claimant. Exhibit B-7F. My reason for crediting this opinion is as follows. When weighing a medical opinion, I must follow § 927. Generally, I am required to give more weight to the opinion of a source who has examined a claimant than to the opinion of a source who has not. [Section] 927(d)(1). This is particularly true if, as here, (1) the source presents relevant evidence to support an opinion, particularly signs and laboratory findings, (2) the source's opinion is consistent with the record as a whole, or (3) the source is a specialist, and his opinion is about medical issues related to his specialty. [Section] 927(d)(3)-(5). Dr. Davis' opinion is particularly credible because, unlike Dr. Storjohann, he evaluated Claimant's psychological condition in the context of what he knew to be Claimant's on-going polysubstance abuse and dependence. Most notably, he opined,
>
>> In terms of psychiatric limitations, the only significant limitation appears to be polysubstance dependence and abuse, and legal complications starting from a young age . . . . [S]he should have the ability to function independently, to understand, carry out, and remember simple instructions, and [to] respond appropriately to supervision, coworkers, and work pressures in work settings that are commensurate with this level of intellectual functioning. I found her to be perfectly normal in appearance and behavior, able to relate to me, and will relate to others without difficulty, *assuming that*

>   *she continues to be drug and alcohol-free.*  Exhibit B-7F
>   (emphasis added)
>
>   Dr. Storjohann's opinion regarding Claimant's RFC is not credible because,
>   as I explain at Step 2 above, it is based upon Claimant's incredible
>   assertions of prior physical, emotional, and sexual abuse; Claimant's
>   incredible assertions of on-going, chronically severe symptoms of PTSD,
>   the result of such alleged abuse; and Claimant's incredible assertions of
>   polysubstance abuse abstinence for one year.  In a nutshell, his opinion
>   regarding Claimant's RFC is not creditworthy because it is based upon a
>   diagnosis which is inconsistent with the record as a whole, and it therefore
>   runs afoul of § 927(d).

[R. 22-23].  The ALJ's RFC finding is supported by substantial evidence.

The court notes that at the July 24, 2007, consultative psychological evaluation conducted by Robert A. Storjohann, Ph.D., at the behest of her attorney, the plaintiff reported that she had not used alcohol, cannabis or cocaine for one year.  [R. 771].  However, six weeks before Dr. Storjohann's examination, on June 10, 2007, the plaintiff presented at the emergency room at Northeast Alabama Regional Medical Center complaining of anxiety, depression and having suicidal thoughts.  [R. 601].  Drug screens were positive for benzodiazepine and cocaine.  [R. 624-625].

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.  Accordingly, the decision of the Commissioner must be affirmed.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 23 September 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.